NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| HITACHI CAPITAL AMERICA CORP., | : | |
| Plaintiff, | : | Civil Action No. 09-731 (SDW) |
| v. | : | |
| NUSSBAUM SALES CORP., | : | |
| Defendant. | : | OPINION |

Pending before this Court is a motion by Defendant Nussbaum Sales Corporation for leave to file a third-party complaint against the Granite State Insurance Company and the New Hampshire Insurance Company. (Docket Entry No. 15). Having considered the parties' submissions, the Court **GRANTS** Defendant's Motion.

## I.        PROCEDURAL BACKGROUND

Hitachi Capital America ("Plaintiff") instituted this lawsuit against Nussbaum Sales Corporation ("Defendant") on February 19, 2009 alleging two counts: Count One, Breach of Contract; and Count Two, Specific Performance. (Docket Entry No. 1, the "Complaint"). Defendant answered the Complaint on March 27, 2009. (Docket Entry No. 7). The Second Amended Scheduling Order extended the deadline for fact discovery to April 1, 2010. (Docket Entry No. 18).

On October 28, 2009, Defendant filed the instant motion for leave to file a third-party complaint (the "Motion") seeking to implead two third parties, the Granite State Insurance Company

("GSIC") and the New Hampshire Insurance Company ("NHIC") (collectively, the "Insurers"). (Docket Entry No. 15). Defendant's proposed third-party complaint ("Third-Party Complaint") alleges four counts: Counts One and Two, Declaratory Judgment; Count Three, Breach of Contract; and Count Four, Fees and Expenses.  (*Id.*).

## II.  FACTUAL ALLEGATIONS

### A.  The Complaint

Taking the allegations in Plaintiff's Complaint as true, on or about June 15, 2005, Plaintiff, a financial services company and Defendant, an auto dealer, executed a Dealer Agreement ("Agreement"). (Complaint at ¶ 7). Under the Agreement, Defendant would refer certain credit transactions related to customers' purchase or leasing of vehicles to Plaintiff. (*Id.*). These transactions were structured as either a lease, in which case title issued in Plaintiff's name, or as a loan, in which case title issued in the name of the customer and Plaintiff's lien on the vehicle was recorded on the title. (*Id.* at ¶ 8). Upon Plaintiff's approval of each transaction, Defendant would issue and deliver title to Plaintiff. (*Id.* at ¶¶ 9, 12).

Plaintiff alleges that its interest in certain vehicles was not protected because Defendant failed to (1) deliver titles to twenty vehicles subject to lease or loan transactions originating under the Agreement and (2) reference Plaintiff's interests in these titles, which were ultimately delivered to Defendant's customers. (*Id.* at ¶ 13).  Accordingly, Plaintiff alleges that Defendant must repurchase each of these allegedly defective transactions from Plaintiff under the terms of the Agreement. (*Id.* at ¶ 15).  Moreover, Plaintiff claims that Defendant must indemnify and hold Plaintiff harmless for any losses resulting from Defendant's actions or inactions, which Plaintiff has

failed to do. (*Id.* at ¶¶ 18, 22). Consequently, Plaintiff seeks damages for breach of contract and specific performance in connection with the Agreement. (*Id.* at ¶¶ 26-29).

      B.    **Defendant's Third-Party Complaint**

According to Defendant's Third-Party Complaint, GSIC and NHIC are insurance corporations that are member companies of the American International Group, Inc. ("AIG"). (Third-Party Complaint at ¶¶ 3, 4). GSIC and NHIC issued primary insurance policies (collectively, the "AIG Policies") containing commercial garage coverage effective from November 1, 2004 through November 1, 2006. (*Id.* at ¶¶ 7, 8). Defendant claims that (1) the Insurers are obligated to pay all sums which Defendant legally must pay as damages arising out of a claimed title error or omission committed during the policy periods and (2) AIG has a duty to defend any action against Defendant seeking damages arising out of a claimed title error or omission committed during the policy periods. (*Id.* at ¶¶ 9, 10). In June 2009, however, AIG declined coverage under the policies and rejected Defendant's demand for defense and indemnification. (*Id.* at ¶ 15). Defendant therefore claims that AIG violated the terms of the AIG Policies and consequently seeks to implead the Insurers. (*Id.* at ¶¶ 1, 17, 22, 27).

### III.    LEGAL ANALYSIS

In opposition, Plaintiff first argues that the Motion should be denied because Defendant failed to comply with Local Civil Rules 7.1 and 7.2 of the United States District Court for the District of New Jersey. *See* Plaintiff's Opposition to Defendant's Motion for Leave to File Third-Party Complaint ("Pl. Opp.") at 8-9. Plaintiff also argues that this Court should not permit Defendant to implead the Insurers because it would introduce new and complex issues into the case,

delay resolution of Plaintiff's claim, increase litigation costs, and prejudice Plaintiff.  *See id.* at 3-7.  For the reasons cited below, the Court does not find Plaintiff's arguments persuasive and will grant the Motion.

      **A.**      **Noncompliance with Local District Court Rules**

Federal Rule of Civil Procedure 14(a)(1) requires a party to obtain the Court's leave "by motion" if the defending party files a third-party complaint more than 14 days after serving its original answer.  Local Civil Rule 7.1(b)(1) provides that "[u]nless a Judge or Magistrate Judge advises the attorneys otherwise, all motions, regardless of their complexity and the relief sought, shall be presented and defended in the manner set forth in L.Civ R. 7.1."  Local Civil Rule 7.1(d) further provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2...are filed with the Clerk....The brief shall be a separate document for submission to the Court...."  Finally, Local Civil Rule 7.2(a) provides that "[a]ffidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits."

Plaintiff argues that Defendant violated Rule 7.1(d)(1) by failing to provide this Court with "a brief, prepared in accordance with L.Civ.R. 7.2" as a "separate document." *See* Pl. Opp. at 8-9.  Plaintiff also argues that Defendant violated the Local Rules by making arguments in its affidavit contrary to Rule 7.2(a), which provides that "[a]rgument of the facts and the law shall not be contained in affidavits." *See id*.

It is "always within the discretion of a court...to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." *American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 539 (1970) (internal quotations

4

omitted). Enforcement of local district court rules therefore must be tempered with due consideration of the circumstances of the dispute. *See Cohen v. Carnival Cruise Lines*, 782 F.2d 923, 924 (11th Cir. 1986). Specifically, the Third Circuit has held that a "district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *U.S. v. Eleven Vehicles, Their Equip. and Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). Applying this standard, although it is troubling that Defendant did not explain or otherwise address its violations of the Local Rules in its Reply to Plaintiff's Opposition, the Court will consider Defendant's Motion.

In relaxing the Local Rules, the Court first notes that Fed. R. Civ. P. 14 strives to prevent a multiplicity of suits arising out of the same factual situation because it permits "additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *See Am. Zurich Ins. v. Cooper Tire & Rubber*, 512 F.3d 800, 805 (6th Cir. 2008); *Livera v. First Nat. State Bank of N.J.*, 100 F.R.D. 271, 273 (D.N.J. 1983). This Court finds significant that Rule 14 was enacted to promote efficiency, achieve consistent results, and avoid circuitous litigation. *See Int'l Med. Tech, Inc. v. Lintech, LLC*, 203 F.R.D. 90, 91 (S.D.N.Y. 2001).

Given the facts of this case, this Court finds that dismissing the Motion due to a procedural defect will be unnecessarily inefficient as Defendant would likely refile its motion or bring a separate action against the Insurers. *See Bylin v. Billings*, 568 F.3d 1224, 1230 n.7 (10th Cir. 2009) (affirming district court's departure from local rules based on its "reasonable interest in expediting

pretrial proceedings" and lack of unfair prejudice to opponent); *Hartman v. Low Security Corr. Inst. Allenwood*, No. 4:CV-04-0209, 2005 WL 2035839, at *2 (M.D.Pa. Aug. 24, 2005) (avoiding "unnecessarily delay" by considering the merits of the summary judgment motion notwithstanding deficiencies in the parties' briefs in violation of local civil rules). Although the Court does not take the requirements of the Local Rules lightly, it is also mindful that this litigation must not be delayed.

Moreover, Plaintiff has not demonstrated any prejudice should this Court accept the Motion as is. Plaintiff had ample opportunity to present its substantive objections to impleading the Insurers. *See Marsden v. Select Med. Corp.*, No. 04-4020, 2005 WL 113128, at *4 (E.D.Pa. Jan. 18, 2005) ("Plaintiffs will not be prejudiced by our consideration of the instant motion, as they have had ample opportunity to present their concerns...."); *see also Doe v. Schneider*, No. 08-3805, 2009 WL 3536555, at *8 n.4 (E.D.Pa. Oct. 29, 2009) (finding relevant that party opposing departure from local rules did not identify any prejudice that would follow from such departure). Plaintiff's only assertion of prejudice arises in the context of permitting Defendant to implead the Insurers as third-party defendants in this action, not in the context of departing from the Local Civil Rules at issue in this case.

Accordingly, notwithstanding Defendant's noncompliance with briefing and other requirements prescribed by the Local Civil Rules of this District, the Court will consider Defendant's Motion on the merits. *See Barbosa v. Dana Capital Group*, No. 07-cv-1724, 2009 WL 902339, at *2 (E.D.Pa. Mar. 31, 2009) (considering litigant's motion despite failure to comply with local rules' briefing requirements).

    **B.**    **Basis for Impleader**

Federal Rule of Civil Procedure 14(a) provides that "[a] defending party may, as third-party

6

plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). Joinder of a third party is proper if a defendant's claim presents a theory upon which the third party can be liable to the defendant under some theory of secondary liability. *See Ronson v. David S. Talesnick, CPA*, 33 F.Supp.2d 347, 356-57 (D.N.J. 1999) (superceded on other grounds by statute). Such secondary liability exists when the third party would be liable to the defendant under a theory of derivative liability, such as indemnification or contribution, if the defendant is found liable to the plaintiff. *See Nat'l Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp.*, No. 05-5945, 2006 WL 892291, at *4 (D.N.J. Apr. 6, 2006).

Here, the Third-Party Complaint contains sufficient allegations to support a theory that the Insurers' liability would flow from Defendant's potential liability to Plaintiff. Granting this motion would permit "additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *See American Zurich Ins.*, 512 F.3d at 805. Therefore, Defendant has a proper basis for impleader under Federal Rule of Civil Procedure 14(a).

In support of its opposition, Plaintiff relies on *U.S. v. Berk & Berk* and argues that third-party impleader is inappropriate because Defendant's proposed claim is "separate and independent from the claim alleged in the complaint...." 767 F.Supp. 593, 604 (D.N.J. 1991). Plaintiff's argument is not persuasive because, as noted above, Defendant's proposed third-party claim asserts Insurers' derivative liability. In contrast, in the *Berk & Berk* case, the defendant did not allege that the third party was or could be liable to the defendant for the plaintiff's judgment against the defendant. *See* 767 F.Supp. at 605.

Plaintiff also relies on the "common nucleus of operative facts" requirement of supplemental jurisdiction to argue that Defendant's claims against the Insurers are sufficiently different from Plaintiff's claims that impleader is improper. *See MCI Telecomm. v. Teleconcepts*, 71 F.3d 1086, 1102 (3d Cir. 1995); *Hall v. Babcock & Wilcox Co.*, No. 94-951, 1999 WL 956311, at *2 (W.D.Pa. July 16, 1999). The "common nucleus of operative facts" requirement, however, is a requirement of supplemental jurisdiction. *See MCI Telecomm.*, 71 F.3d at 1102. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with the federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (internal quotations omitted). Plaintiff relies on cases where supplemental jurisdiction was a relevant consideration because the court did not have independent subject matter jurisdiction over the claims at issue. *See Johnson Controls, Inc. v. Irving Rubber & Metal Co.*, 920 F.Supp. 612, 614-16 (M.D.Pa. 1996); *Bunzl Pulp & Paper Sale v. Golder*, No. 90-4303, 1995 WL 89026, at *4-5 (E.D.Pa. Mar. 2, 1995). In this case, however, as Plaintiff readily concedes in its brief, supplemental jurisdiction is not at issue because the Third-Party Complaint alleges: (1) diversity of citizenship between Defendant and the Insurers, and (2) an amount in controversy in excess of $75,000. *See* Pl. Opp. at 5, n.3.

Therefore, Defendant has alleged a proper basis to implead the Insurers under Fed. R. Civ. P. 14.

### C. Leave to File Third-Party Complaint

Pursuant to Fed. R. Civ. P. 14(a)(1), when a third-party complaint is not filed within the 14 day time period, the decision to grant leave to file a third-party complaint rests within the discretion of the court. *See Spencer v. Cannon Equip.*, No. 07-2437, 2009 WL 1883929, at *2 (D.N.J. June 29,

2009). In exercising discretion to permit impleader, courts in the Third Circuit generally consider the following factors: (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff. *See id.* (internal citations omitted). Accordingly, the Court considers each of these factors below.

      **i.**      **The Timeliness of the Motion**

The first factor, timeliness, weighs in favor of granting Defendant's Motion. The operative schedule provided Defendant until October 30, 2009[1] to implead any third parties; Defendant filed its Motion on October 28, 2009. Moreover, the Court also finds significant that Defendant specifically expressed its intention to file a third-party complaint at least as of September 24, 2009 during a status conference with the Court.[2] During this conference, Plaintiff agreed to extend the relevant deadline until October 30, 2009. The Motion is therefore not untimely for purposes of this analysis. *See U.S. v. SB Bldg. Associates, Ltd. P'ship*, No. 08-5298, 2009 WL 2392098, at *1 (D.N.J. Aug. 3, 2009) (finding that the timeliness factor weighed in favor of defendant because counsel for defendant had informed the court and the plaintiff of its intention to join a third party and the court had granted an extension for filing such motion).

      **ii.**      **The Probability of Trial Delay**

Plaintiff argues that impleading the Insurers would delay resolution of its claim. *See* Pl. Opp.

---

[1] The Court notes that the Amended Scheduling Order dated September 24, 2009 requires that any motion to add new parties be returnable by October 30, 2009. Plaintiff did not object to Defendant's filing as untimely on these grounds and it appears the parties believed October 30, 2009 to be the deadline to file such a motion. As such, the Court will consider the Motion timely.

[2] As a general practice in each matter, the Court maintains a case journal. The information in the above background was obtained from the Court's notes in that journal.

at 7. This factor, however, also weighs in favor of Defendant. Although it is plausible that impleading the Insurers would delay trial and ultimately the resolution of this case, such delay would not be undue or substantial. *See Hawkins v. Waynesburg Coll.*, No. 07-5, 2007 WL 2119223, at *4 (W.D.Pa. July 20, 2007). First, fact discovery does not end until April 1, 2010. Second, as noted above, Plaintiff agreed to amend the deadline to join third parties to October 30, 2009 and fact discovery to April 1, 2010. *See SB Bldg. Associates, Ltd. P'ship*, 2009 WL 2392098, at *2 (finding relevant, for the purposes of the trial delay factor, that plaintiff agreed to a timeline which takes into account the possibility of the addition of new parties). Third, delay is expected with the majority of Rule 14 motions. *See Spencer*, 2009 WL 1883929, at *4 (D.N.J. June 29, 2009). If such delay was dispositive in dismissing Rule 14 Motions, few impleader motions would be granted. *See id.* Finally, the prospect of trial delay must be weighed against "the alternative prospect of two separate trials and the need for attempting to coordinate, and in the end possibly consolidate, the matter for the sake of judicial economy." *Id.* at 5. Here, consideration of any potential delay is outweighed by this Court's concern for preempting multiplicity of litigation.

### iii. The Potential for Complication of Issues at Trial

As to the third factor, Plaintiff argues that joining the Insurers would "introduce new and complex factual issues, to [its] detriment." *See* Pl. Opp. at 6. This Court is not persuaded that the factual issues would be any more complex from issues generally raised in third party actions. *See SB Bldg. Associates, Ltd. P'ship*, 2009 WL 2392098, at *2. It is expected that impleading a third party will add some level of complexity to the trial. Indeed, even in the *Fuel Transp. Co. v. Fireman's Fund Ins. Co. of Newark, N.J.* case cited by Plaintiff, the court decided that impleader would not "*unduly* complicate" the case and permitted joinder of the third party. *See* 108 F.R.D.

156, 158 (D.C.Pa. 1985) (emphasis added). Plaintiff also relies on *Greene Line Mfg. Corp. v. Fibreboard Corp.*, where the court determined that granting leave to file a third-party impleader would "severely complicate the issues in [the] case" and accordingly ruled against granting leave. 130 F.R.D. 397, 400 (N.D.Ind. 1990). That case, however, is easily distinguishable from the instant action. First, unlike the instant action, it was uncertain whether the defendant could assert a claim against the third party because of a mandatory arbitration clause. *See id.* Second, impleader was improper in that case because the defendant's claims against the third party did not suggest derivative liability. *See id.*

Moreover, this factor also must be weighed against the prospect of multiple trials and consolidation of the matter for the sake of judicial economy. *See Spencer*, 2009 WL 1883929, at *4. To that end, the Court finds that the introduction of complexity in the current action, although likely to some extent, does not supercede concern for consolidating this matter for the sake of judicial economy. Indeed, as Defendant notes, there is a potential advantage to Plaintiff in having the Insurers in the action, if nothing else for the purposes of settlement negotiations. *See Hawkins*, 2007 WL 2119223, at *3 n.7; *see also Spencer*, 2009 WL 1883929, at *4 ("[T]he prospect of adding additional parties who may share liability for Plaintiff's injuries may be a welcome development for Plaintiff because it may provoke overall resolution without trial.").

        **iv.**    **Prejudice to the Original Plaintiff**

The final consideration in this analysis is whether granting the Motion will prejudice Plaintiff. Plaintiff argues that prejudice would arise from the introduction of new and complex issues into the case and the consequent increase in litigation costs and trial delay. *See* Pl. Opp. at

6-7. As noted above, the Court finds that Defendant has not demonstrated prejudice based on the complexity or delay. The Court also notes that Plaintiff was aware of Defendant's intention to add a third party to this action as of September 24, 2009. *See SB Bldg. Associates, Ltd. P'ship*, 2009 WL 2392098, at *2 ("Plaintiff was aware of Defendants' intention to add a party to this action and their reason for doing so. This was taken into account in the Scheduling Order, which allows for an extended period of time for the parties to conduct discovery. Plaintiff should not be prejudiced by the additional party.").

As a final note, the Court emphasizes that Rule 14 is intended to reduce multiplicity of litigation and therefore is entitled to liberal construction. *See Hawkins*, 2007 WL 2119223, at *3. This principle is superimposed upon all four of these factors. *See id.* ("Superimposed upon these factors are the overarching principles that Rule 14 is [intended] to reduce multiplicity of litigation, and it therefore is entitled to liberal construction.") (internal quotations omitted). Therefore, all four factors lean in favor of granting the Motion.

### IV.     CONCLUSION

For these reasons, the Court will grant the Defendant's request for leave to file a third-party complaint. The Court will issue an appropriate Order.


                                                   s/ Esther Salas
                                                   **ESTHER SALAS**
                                                   **UNITED STATES MAGISTRATE JUDGE**